

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-94,069-01

### EX PARTE JAMES LEONARD SHELTON, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 9410050-A IN THE 185TH DISTRICT COURT
### FROM HARRIS COUNTY

*Per curiam*. NEWELL, J., concurred.

### O R D E R

Applicant pleaded guilty to aggravated robbery and was sentenced to fifty years' imprisonment. Applicant did not appeal his conviction. Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

This application was file-stamped in Harris County on January 16, 2008. An order designating issues was signed by the trial judge on January 29, 2008. This application was then amended on July 23, 2010. This application was not received by this Court until August 23, 2022. There is no indication in the record of any action by the trial court after the order designating issues was signed. Nor is there any indication as to why this application was pending in Harris County for

so long without any action by the clerk or the trial court.

Applicant contends, among other things, that he is actually innocent. Applicant has alleged facts that, if true, might entitle him to relief. *Ex parte Elizondo*, 947 S.W.2d 202 (Tex. Crim. App. 1996). Accordingly, the record should be developed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

As a preliminary matter, the trial court shall make findings of fact as to why no action was taken by the trial court or the clerk between the entry of the order designating issues and the forwarding of the application to this Court, and whether Applicant wants to pursue the application.

If Applicant does want to pursue this application, the trial court shall develop the record. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). It appears that Applicant is represented by counsel. If the trial court elects to hold a hearing, it shall determine if Applicant is still represented by counsel, and if not, whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The trial court shall make findings of fact and conclusions of law as to whether Applicant has established that he is actually innocent. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claim.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from

hearings and depositions.  *See* TEX. R. APP. P. 73.4(b)(4).  Any extensions of time must be requested by the trial court and obtained from this Court.


Filed: December 07, 2022
Do not publish